Parsons, C. J.
The plaintiff’s action is grounded on the statute of 1786, c. 81, § 7, which provides that any person injured in his person or property through any defect in any highway, causeway, or bridge, may recover of those who are obliged to repair [ * 423 ] them, in case they had reasonable * notice of the defect, double the damages sustained by the injury. On the *371 trial, the defendants offered to give in evidence that the plaintiff was the surveyor of the defective way in Wateroille. This evidence was rejected, and for this cause the defendants move for a new trial.
From an examination of the act, it is manifest that the principle on which damages are given is, that the town have neglected to cause repairs to be made, agreeable to the duty enjoined upon them by law, for the accommodation of all persons having occasion to use the highways, and that the party injured is in no fault. For it cannot be presumed that the act intended to provide a remedy for damages sustained by any man through his own wrong.
The section provides that all highways shall be repaired at the expense of the town in which they are located, by surveyors of highways to be chosen by the town, who are, by the second section, to have their respective limits assigned by the selectmen. As this duty is enjoined on the surveyors, so the means of performing it are provided. For, by the third section, the town is directed to raise as much money as it. shall judge necessary, to be expended in labor and materials under the direction of the surveyors. And, by the eighth section, if the town neglect to raise any money for this purpose, each surveyor may assess a sufficient sum on the inhabitants within his district, to be expended in repairs under his direction. And to compel the surveyor to the faithful performance of his duty, the eleventh section provides that he shall refund to the town any fine imposed on it for the defect of the highways within his district, which he ought to have repaired.
From this view of the act, it is clear that the surveyors are bound to repair the highways, but at the expense of the town. And if the town had raised sufficient money, or if it was in the power of the surveyor to assess sufficient, and the ways have not been repaired through his neglect of duty, and by that neglect a defect has existed from which he has sustained damage, it would be a very unreasonable construction of the act to enable him to recover double damages of the town, as it would reward him for his own faulty misconduct.
* We are, therefore, satisfied that the evidence offered [ * 424 ] ought to have been admitted; but it is our opinion that it would not have been conclusive. If the plaintiff had neglected to spend the money raised by the town, or if the town had refused to raise any money, and the plaintiff had neglected to assess and expend a sufficient sum, he ought to be barred of his action.
But if the town had raised a sum that was insufficient, whether the surveyor could or not in that case assess any further sum, or could employ the inhabitants within his district to labor further in completing the repairs at the expense of the town, without the *372 assent of the major part of the selectmen, it is not now necessary to decide. And if it should appear that, in this case, an insufficient sum was raised by the town, which had been all expended in labor and materials, and that the major part of the selectmen had refused their assent to the plaintiff’s further employing the inhabitants within his district to complete the repairs at the expense of the town, whether the plaintiff, he being a surveyor, shall be considered as in no fault, may be hereafter determined.
Let the verdict be set aside, and a new trial be granted, that the jury may have all the testimony necessary to find a verdict on the true merits of the cause.