EZEKIEL R. TODD *vs.* INHABITANTS OF ROWLEY.

It is the duty of a highway surveyor, under Gen. Sts. *c.* 44, § 14, if he has not sufficient means to repair a highway in his district, to make a formal application to the select-men for their written consent to the employment of persons to repair the same, so that it shall be safe and convenient, although he may have reason to believe that they will refuse to give it; and if he does not do so within a reasonable time, he cannot recover for an injury sustained by reason of a defect in such highway.

A highway surveyor has no authority to expend any portion of the money committed to him for the repair of highways in changing the line of travel and constructing a new road; and if he does so, and thereby exhausts his funds with which he might have repaired the roads already in use, he cannot recover for an injury sustained by reason of a defect in a highway within his district, which he might have repaired by the proper application of the funds.

If, in an action to recover for an injury sustained by reason of a defective way, it becomes a material question whether the plaintiff's horse had a habit of shying at the time of the accident, the defendants, after introducing evidence of instances of his shying before that time, may also prove similar instances afterwards.

TORT to recover for a personal injury sustained by reason of a defective way.

At the trial in this court, before *Dewey,* J., it appeared that the injury was received on the 11th of June 1861; that the plaintiff was one of the highway surveyors of Rowley for that year, and his district included the place where the accident occurred; that he received his warrants on the 22d of May, which authorized him to expend $44.60 upon the roads assigned to him; that he immediately proceeded to work, and expended about fifty-six dollars in widening the graded part of a highway near his own house, and to some extent in changing the line of travel on to a part of the located way where the travel had not before gone; and that he completed the work "on one of the first days in June." The extent and character of this change was in dispute between the parties, the defendants contending that it amounted to making a new way altogether. The plaintiff made no formal application to the selectmen for more means; and there was evidence which tended, as he insisted, to show that he had a right to understand that it would be useless for him to ask them therefor.

One ground of defence was, that the plaintiff was driving an

unsafe horse, whose vicious habit of shying contributed to the injury; and the defendants, after introducing evidence tending to prove two instances of the horse's shying before the time of the accident, were permitted to show many similar instances afterwards, up to March 1863.

The judge instructed the jury that it is the duty of a highway surveyor to exhaust all the means afforded to him for putting the roads in his district into repair; and if there was a deficiency in them, after adding the ten dollars authorized by Gen. Sts. *c.* 44, § 13, he ought to make application to the selectmen to allow him to make such further expenditures as may be necessary; and if he neglects to do so, and subsequently receives an injury from a defect in a road within his district, he cannot maintain an action against the town to recover damages therefor, unless it appears that he was justified in omitting to make such application, by good and sufficient reasons.

The plaintiff thereupon asked specifically for the following instructions:

"1. A surveyor can maintain an action for an injury caused by a defect in the highway, although in his own district, unless such defect was caused or suffered to exist by his own negligence or neglect of duty.

"2. The surveyor had the right to spend the money allotted to him as a highway tax, in making such portion of the highways safe and convenient as was proper in his judgment, he acting in good faith; and the correctness of such judgment cannot be inquired into, for the purpose of imputing negligence as to another portion, but is to be conclusively presumed.

"3. If the plaintiff, as surveyor, actually spent all the money assigned to him, in good faith, in working upon a part of the highways within his district, even if part of such money was spent in changing the line of travel and making a new path for a part of the distance, then he is not to be charged with negligence in not spending such money upon the place where the alleged accident took place, but the question of negligence depends upon other considerations.

"4. A surveyor may lawfully judge for himself in what part

of his district he may spend his highway tax, and the jury can-
not inquire into the propriety of his decision, unless they find
that he acted in bad faith.

" 5. If a surveyor finds the tax allotted to him insufficient to
repair all the ways in his district, so as to make them safe and
convenient, he may lawfully make his election as to which he
will first repair, and is not to be considered negligent in not
repairing any other place, until he has spent his tax and his ad-
ditional ten dollars, and has unreasonably neglected to ask the
consent of the selectmen to make such other repairs.

" 6. This plaintiff cannot be charged with negligence in not
causing the place of this accident to be repaired, unless the jury
find that he neglected, for an unreasonable time after he had
expended his tax and the additional ten dollars, to call upon the
selectmen for their consent to expend more money ; and it is for
the jury to say whether, in this case, upon the evidence, eight
or ten days was such an unreasonable time.

" 7. If the jury find, upon all the evidence in the case, that the
plaintiff had reason to believe that the selectmen would refuse
their consent, he is not to be charged with negligence in failing
to make a formal application to them.

" 8. The whole question of negligence on the part of the
plaintiff in this respect is a question of fact for the jury ; and
if they find that he acted as a prudent and reasonable man, who
had the same opportunities of knowing the feelings and dispo-
sition of the selectmen, and who was placed in similar circum-
stances, would have acted in his place, then he cannot be said
to have been guilty of negligence, such as would bar him of his
action, if he makes out the other elements of his case."

The judge adopted the first, second, fourth, fifth and sixth
prayers of the plaintiff, and so stated the law to the jury

As to the third prayer, the judge qualified the same as fol-
lows :

" Repairs to the highway, for which money is to be expended
by the district surveyor under the ordinary warrant like that in
the present case, mean repairs to existing roads, and are not in-
tended to be applied to the construction of a newly located road

never worked, and for the first time to be prepared for the public travel; and if the surveyor for the district expends the money committed to him for ordinary repairs upon the said newly located road, and by reason thereof exhausts his funds with which he might have made other repairs upon the roads already in use and fitted for travel, he cannot recover of the town for an injury sustained by reason of defects existing elsewhere in the highways in his district, which might have been repaired by the proper application of the funds in his hands."

As to the seventh and eighth prayers, the case was put to the jury under the instructions already stated, as embracing all that was required on these points.

The judge also instructed the jury that the evidence of the horse's shying since the time of the accident was competent only for the purpose of showing that he had this vicious habit at the time of the accident.

The jury returned a verdict for the defendants, and the plaintiff alleged exceptions.

*C. Cushing & S. B. Ives, Jr.*, for the plaintiff. 1. If the plaintiff had reason to suppose that an application to the selectmen for more means would be useless, he was not negligent in omitting to make it. No man can be charged with negligence, because he omits to do what would be clearly useless and vain. Clearly there might be good and sufficient reasons to excuse him from this act. The plaintiff proved to the jury reasons which he considered to be good and sufficient; so that prudent men in his position would have acted as he did. By the refusal to give the instruction asked for, and to explain the instruction which was given, and apply it to the evidence in the case, the plaintiff was prejudiced. 2. It was the duty of the town to work all that part of the way which the plaintiff expended money upon; *Nichols* v. *Salem*, 14 Gray, 490; and no other person than the plaintiff had authority to spend labor or money thereon. The instructions upon this point, as applied to the facts, would have forbidden the plaintiff to widen the travelled path, or fill up a ditch. The qualification put upon the third prayer for instructions substantially nullified it. *Callender* v.

*Marsh,* 1 Pick. 425, 428. 3. The evidence as to subsequent instances of the horse's shying was incompetent. A habit is something which is acquired; and when once acquired may be presumed to continue. But presumptions never run backwards; and especially in a case like the present, where the vicious habit may have been the result of the accident in question. See *Elsam* v. *Faucett,* 2 Esp. R. 562; *Foulkes* v. *Sellway,* 3 Esp. R. 236; *Bamfield* v. *Massey,* 1 Camp. 460; *Dodd* v. *Norris,* 3 Camp. 519; *Johnston* v. *Caulkins,* 1 Johns. Cas. 116; *Boynton* v. *Kellogg,* 3 Mass. 189.

*J. C. Perkins & W. C. Endicott,* for the defendants, cited, as to the first point, *Wood* v. *Waterville,* 4 Mass. 422; S. C. 5 Mass. 294; *Loker* v. *Brookline,* 13 Pick. 343; *Palmer* v. *Carroll,* 4 Fost. (N. H.) 314; *Walcott* v. *Swampscott,* 1 Allen, 101; as to the second point, *Bowman* v. *Boston,* 5 Cush. 1, and cases cited; and as to the third point, *Murdock* v. *Warwick,* 4 Gray, 178; *Chamberlain* v. *Enfield,* 43 N. H. 356.

BIGELOW, C. J. We have carefully examined the rulings to which objection is now taken by the plaintiff's counsel, and do not find that they were in any respect insufficient or erroneous.

1. The first and most important question arises on the instructions given to the jury as to the duty of the plaintiff, in his capacity as highway surveyor of the district in which the accident happened, to make application to the selectmen of the town for permission to expend a further sum in repair of the roads within the limits assigned to him, in addition to that which he had laid out when he completed his work thereon early in the month of June. It is obvious that the point involved in this inquiry had a very material bearing on the issue before the jury. If the plaintiff had in any particular failed to perform his whole duty as surveyor in keeping the ways in his district in proper repair, or in obtaining the requisite means for that purpose, by reason of which the alleged defect in the road was allowed to remain, it is clear, on familiar principles recognized in the adjudicated cases, that his own neglect in part contributed to the accident by which he was injured, and he can not maintain an action against the town to recover damages

therefor. *Wood* v. *Waterville*, 4 Mass. 422 ; S. C. 5 Mass. 294.
*Loker* v. *Brookline*, 13 Pick. 343, 347. A surveyor of highways
is a special agent with a strictly limited authority, and has no
right to bind the town by his acts or contracts beyond the scope
of the precise power which is by law vested in him. And this
power is the exact measure of his duty. He is bound to dis-
burse the whole sum intrusted to him for the repair of the high-
ways within his district, and also the additional sum of ten
dollars which he is authorized to expend in case of a deficiency
in the amount appropriated by the town, as is provided by Gen.
Sts. *c.* 44, §§ 12, 13. But a further duty is imposed on him by
§ 14. If a town neglects to vote a sufficient sum of money for
the purpose of making repairs on the highways, or does not
otherwise effectually provide therefor, the surveyor, " first having
obtained the consent of the selectmen for that purpose in writ-
ing," is authorized to repair the ways within his district, so that
the same shall be safe and convenient. If he fails to perform
this part of his duty, he is guilty of neglect. If, in the contin-
gency contemplated by this section of the statute, he omits to
apply to the selectmen for their consent to make the additional
expenditure requisite to a proper repair of the roads within his
limits, he leaves an essential part of his official duty unper-
formed, and takes on himself the consequences of his own neg-
ligence. If he is subsequently injured by a defect in a road
lying within the district assigned to him, he cannot recover com-
pensation from the town, if it appears that he has failed within
a reasonable time to make application to the selectmen for their
consent to make additional repairs, in compliance with the pro-
visions of law, or unless he shows that for sufficient cause such
application could not have been made by him, or that, if made,
it would have been impracticable to repair the defect, even if
the necessary assent had been obtained. This general doctrine
the plaintiff does not controvert. But he contends, and this is
the point wherein he alleges the instructions to the jury were
defective and erroneous, that he offered evidence tending to
show that an application to the selectmen for their consent
to make additional repairs would have been ineffectual and

useless, and that he was entitled to ask that the jury should be instructed that he was not guilty of negligence in failing to make a formal application to the selectmen, if he had reason to believe they would refuse their assent, and if a reasonable and prudent man would under like circumstances have acted in the same manner. It seems to us, however, that this instruction would have gone altogether too far. The surveyor of highways had no right to act on his own opinion or judgment that an application to the selectmen for their consent to make further repairs on the road would be denied. His legal duty was to make the application. The law vests in him no discretion whatever. Certainly it does not authorize him by casual conversations with the selectmen separately, apart from each other, to form a judgment whether their assent will be given or refused, and, in the latter alternative, to omit to discharge the duty which the law imposes upon him. Indeed, the result of an application such as the statute contemplates could not be known to the selectmen themselves until they had met together to consider and decide upon it. The power vested in them to grant or withhold their assent is intrusted to them, not as individuals acting separately, but as members of a board, in their official capacity, acting together, upon due deliberation and consultation. As indicating that the act is to be a formal one, the statute expressly requires that the assent, if given, shall be in writing. It is obvious that any attempt by the surveyor of highways to anticipate the judgment of the selectmen on such a matter would be not only entirely unauthorized, but would lack the essential elements on which a safe and correct opinion could alone be founded. The instructions given to the jury were in conformity to this view of the duty of the plaintiff as surveyor of highways ; and they were accompanied with proper qualifications, which prevented a too strict application of the rule of law to the plaintiff's case. The jury were told that he was to be allowed a reasonable time within which to make the requisite application to the selectmen, and that if, for any reason, it was impracticable for him to do so, his omission to make it would be excusable, and would not render him

chargeable with negligence. But the instructions asked for went much further, and, if given, would have authorized the jury to find a verdict for the plaintiff, although he had wholly omitted to perform his legal duty by making an application to the selectmen, because in his opinion it would have been refused. Such a result he had no right to presume. It could only be made certain by making the application in form to the selectmen, and submitting to them the question after the exhaustion of all the means for making repairs which had been put into the plaintiff's hands.

2. The instruction as to the duty of the surveyor to expend the money in his hands and within his control, under the warrant intrusted to him, on repairs of existing roads within his district, and not in the construction of new roads, or of portions of a road newly located and laid out, and never before wrought for public travel, was strictly correct. The meaning of the word " repair " is a key to the true interpretation of the statute. It does not mean to make a new thing, but to refit, make good or restore an existing one. The construction of highways does not come within the ordinary duties of a surveyor, but is usually effected by special contracts, or by persons employed for the purpose. Nor can we see that it makes any difference as to the duty of a surveyor, that a portion of an existing road within his district has been widened by lawful authority. So far as such enlargement of the way includes additional land, it is in effect a new way, and it sometimes happens that to complete and prepare it for travel requires a large expenditure. Clearly the surveyor has no lawful authority to use the money placed in his hands for ordinary repairs on existing roads in making new structures and additions thereto.

3. The objection to the evidence relating to the habits of the horse subsequent to the time of the accident goes to its weight rather than to its competency. The habit of an animal is in its nature a continuous fact, to be shown by proof of successive acts of a similar kind. Evidence having been first offered to show that the horse had been restive and unmanageable previous to the occasion in question, testimony that he subsequently

manifested a similar disposition was competent to prove that his previous conduct was not accidental or unusual, but frequent, and the result of a fixed habit at the time of the accident. Under the limitations prescribed at the trial, we think the evidence was admissible. *Chamberlain* v. *Enfield,* 43 N. H. 356.

*Judgment on the verdict.*