FINLEY *v.* SMITH

5-3794                        399 S. W. 2d 271

Opinion delivered February 21, 1966

*Pope, Pratt & Shamburger,* for appellant.

*Smith, Williams, Friday & Bowen* and *William F. Sherman,* for appellee.

GEORGE ROSE SMITH, Justice. On April 10, 1963, the appellee, Myrtle A. Smith, a retired school teacher, was knocked down and seriously injured by a large dog owned by the appellant. In the court below Mrs. Smith recovered a verdict and judgment for $3,500.00. The appellant does not question the sufficiency of the evidence, which amply supports the view that the dog was known by its owner to be a vicious and dangerous animal that should not have been allowed to run at large in the neighborhood.

There was much proof that the dog had bitten or otherwise injured various persons on other occasions. It is contended that the court erred in allowing the plaintiff to prove incidents that occurred after she was injured, for the reason that such subsequent events would not tend to prove that the owner of the dog had prior notice of its dangerous propensities. Subsequent conduct is admissible, however, to prove the particular animal's dangerous nature. *Kennon* v. *Gilmer,* 131 U. S. 22, 33 L. Ed. 110, 9 S. Ct. 696 (1889); *Todd* v. *Rowley,* 90 Mass. 51 (1864); *Boatman* v. *Miles,* 27 Wyo. 481, 199 Pac. 933, 26 A. L. R. 864 (1921). When testimony is competent for one purpose a general objection is unavailing. There should be a request that the jury be instructed to consider the testimony only for its permissible purpose. *Bodcaw Lbr. Co.* v. *Ford,* 82 Ark. 555, 102 S. W. 896 (1907). No such request was made here.

It is argued that Dana Beyer, a thirteen-year-old boy, should not have been permitted to testify that the dog had bitten him, because he was not certain that the incident took place before the animal's attack upon the plaintiff. This contention is answered by the authorities already cited, and, furthermore, the testimony of the child's mother would have justified the jury in finding that the child's encounter with the dog preceded the incident now complained of.

The only other objection being urged is to an instruction telling the jury that if the owner of a dog has

notice of its propensity to injure people it is immaterial that the animal is not savage but acts in good nature and playfulness. That is a correct statement of law. Prosser, Torts, § 75 (3d ed. 1964); Restatement, Torts, § 509 (1938). The instruction was not a comment on the evidence, for it did not state that the defendant in fact had notice of the dog's propensities. To the contrary, the instruction properly left the question to the jury.

Affirmed.