Charles STRANGE, as Next Friend of
Connie Lynn STRANGE, a Minor *v.*
Alton STOVALL et ux

76-234                                        546 S.W. 2d 421

Opinion delivered February 14, 1977
(Division I)

*Tackett, Moore, Dowd & Harrelson,* for appellant.

*Young, Patton & Folsom,* for appellees.

GEORGE ROSE SMITH, Justice. On Christmas Day, 1973, Connie Lynn Strange, 13, left her home in Stamps to visit her grandparents, who lived next door. On the way the child was attacked and bitten by Blue John, a large dog owned by the appellees, Connie's uncle and aunt, who had been visiting Connie's grandparents and were about to leave. This action for personal injuries was brought by Connie's father, the appellant, as her natural guardian and next friend. There was evidence, sufficient to go to the jury, that the Stovalls knew that Blue John was vicious, Stovall having admitted to two witnesses that the animal was mean and had bitten him several times. The dog had also bitten Mrs. Stovall.

At the close of the case counsel for the plaintiffs asked that the case be submitted to the jury on the theory of strict liability; that is, as set out originally in AMI 1602, that one who keeps a vicious domestic animal with knowledge of its dangerous tendencies does so at his own risk and is liable for injuries caused by the animal without proof that the owner was otherwise at fault. AMI Civil, 1602 (1965).

The trial judge, relying upon the amended version of AMI 1602, as it appears in the pocket supplement to the first edition and in AMI Civil 2d (1974), ruled that strict liability is no longer the law in Arkansas. Finding no negligence on the part of the Stovalls, who had merely tethered the dog near the back door, the court ruled that they were entitled to judgment. Nevertheless, to prevent a retrial, the court submitted the case to the jury upon instructions which included AMI 1602, as amended, and AMI 2102, on comparative

negligence. The jury returned a $2,500 verdict in favor of Connie's father alone, whose recoverable damages are conceded to be only $1,601.50.

We do not agree with the view that with regard to an animal known to be vicious, strict liability is no longer the law in Arkansas. Our cases applying that rule have not been overruled. The revision of AMI 1602, as explained in the 1969 pocket supplement, was based in part upon our holding in *Finley* v. *Smith*, 240 Ark. 323, 399 S.W. 2d 271 (1966). That case, however, merely held that an animal's propensity to injure people may stem from playfulness as well as from savagery. The rule of strict liability was not impaired; if anything, it was broadened.

The Comment in the pocket supplement went on to say that AMI 1602, as originally drafted, was erroneous in barring a recovery if the injured person had done something which a reasonably careful person would have known to be likely to provoke the animal to attack. That proviso, according to the Comment, incorporated contributory negligence as a complete defense, contrary to our comparative negligence statute. Upon that reasoning the instruction was revised to impose a duty on the part of the owner only to use ordinary care to prevent a vicious animal from injuring others.

Doubtless AMI 1602 did need surgery, but the operation went too far. The rule of strict liability still obtains. To illustrate, let it be assumed that the owner of a dog known to be vicious keeps the animal in a steel cage, exercising extreme care to prevent its escape. The animal, however, does escape, through no fault of the owner, and attacks an innocent passerby. In that situation, AMI 1602, as revised, states the law incorrectly, because the dog's owner is strictly liable regardless of any precautions he may have taken to avoid the dog's escape. See Ivester's lucid casenote, 24 Ark. L. Rev. 593 (1971). We do not imply that an issue of comparative fault might not arise in some situations under Act 367 of 1975, Ark. Stat. Ann. §§ 27-1763 *et seq.* (Supp. 1975). That problem is not before us now, because neither side asks for a new trial if the lower court was in error.

The judgment is reversed and the cause remanded for the entry of a $1,601.50 judgment in favor of Charles Strange.

We agree. HARRIS, C.J., and BYRD and HOLT, JJ.