Ernie J. AMBORT, Jr. *v.* Zerle NOWLIN et ux.

86-22                                         709 S.W.2d 407

Supreme Court of Arkansas
Opinion delivered May 27, 1986

*G. Ross Smith & Associates, P.A.*, for appellant.

*Laser, Sharp & Mayes, P.A.*, for appellees.

DARRELL HICKMAN, Justice. The appellant Ernie Ambort, Jr., was bitten by the appellees' dogs. He sued and a verdict was returned in his favor for $5,043.50. However, Ambort claimed over $7,000 in medical bills and $3,000 in lost wages. He appeals claiming the trial court erred in instructing the jury and that he should be given a new trial. The trial court instructed the jury to determine whether Ambort was at fault in the incident. The jury was also instructed that an owner of a domestic animal, known to be vicious, does not owe the same duty to the injured person if he were a trespasser or licensee. Both of these instructions were supported by the evidence. We affirm.

Ambort, currently a resident of Texas, was in Little Rock on business and decided to return to the neighborhood where he grew up. While walking in the area, he saw Mrs. Ann Nowlin, an elderly woman, on her front porch. He thought he recognized her and approached the house. There was a public sidewalk in front of the house with a private walk leading to the house. The front yard was enclosed with a chain link fence about four feet high. Ambort stepped off the public walk, approached the fence, and spoke to Mrs. Nowlin. He noticed two barking dogs within the fenced yard and admitted being somewhat apprehensive. He said he watched them from the corner of his eye as he was talking. Ambort testified that he did not lean over or touch the fence, but one of the dogs, an Airedale, jumped up and bit him on the face. The dog actually bit off a portion of Ambort's nose. Ambort, undoubtedly frightened and shocked, asked Mrs. Nowlin to put the dogs in her house. Finally, she did, and Ambort entered the yard and searched for the missing part of flesh, hoping it could be

reattached by a surgeon. While he was searching, one of the dogs came out of the house and bit him again.

Mrs. Nowlin, it developed, had a mental problem. According to her husband, she just did not "have any mind at all." He acquired the two dogs to protect her and his property which was entirely enclosed by a fence: a high one in the back yard and the four foot fence in the front. He denied knowing the dogs had bitten anyone. He denied knowing that a postman had previously been bitten and had marked the Nowlins' mail as "delivery delayed — animal hazard." However, he did admit that at one time he had placed signs on the fence warning people of the dogs. They had been torn down, and he had not replaced them.

■ The appellant contends that the judge erred in submitting the case to the jury on the basis of comparative fault instead of on the theory of strict liability; that is, that the owner of a known vicious domestic animal is liable for all damages caused by the animal regardless of the fault of the owner, or the fault of the injured person.

■ The judge was entirely correct, using instructions from AMI Civil 2d 1602 and 1604 (Revised). These revised instructions were drafted after our decision in *Strange* v. *Stovall*, 261 Ark. 53, 546 S.W.2d 421 (1977). The reporter's note to No. 1602 (Revised) reads in part: "If there is an issue of fact as to whether the plaintiff is a trespasser, licensee, or invitee, this instruction should be appropriately modified." There was a fact question of whether Ambort was trespassing or a licensee since he was on private property and had not been expressly invited there.

■ There was also a fact question of whether Ambort was guilty of negligence in approaching the fenced yard on private property with two dogs, which were barking and causing him apprehension. He had not been in the neighborhood since his childhood. A jury could conclude that he did not use good judgment, he was negligent, and partly at fault for his injuries. AMI 1604 (New), drafted after *Strange* v. *Stovall, supra,* is to be used if there is an issue of the plaintiff's negligence or other fault. The comment to AMI 1602 (Revised) reads: "Despite the rule of strict liability, the plaintiff's recovery may still be diminished by the statutory doctrine of comparative fault." The instructions were correctly given.

The judge substituted the word "fault" in three places for the word "conduct" in this instruction. It was argued that this was misleading in a strict liability case, because it would lead the jury to conclude the defendant must be found at fault, an unnecessary factor in strict liability.

■ The appellant's theory of strict liability imposed on the owner of a domestic animal, known to be vicious, was repudiated in *Strange*, and the AMI instruction as revised correctly states the law. Although an owner can be held strictly liable, it does not follow he is liable in every conceivable case; perhaps not where a trespasser or licensee may be injured and perhaps not when a person, through his own fault, causes the accident. In this case it was a fact question for the jury as to whether the owner should be held strictly liable.

The appellant raises another argument about the cross-examination of Mr. Nowlin being restricted but that objection was abandoned at trial.

Affirmed.

HAYS and PURTLE, JJ., not participating.