NO. 94-277

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995


HUGHIE F. STROOP,

      Plaintiff, Respondent
      and Cross-Appellant,

  v.

JAMES C. DAY and COLLEEN M. DAY,

      Defendants, Appellants
      and Cross-Respondents.

FILED

JUN 01 1995

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Eighth Judicial District,
               In and for the County of Cascade,
               The Honorable Thomas M. McKittrick, Judge presiding.


COUNSEL OF RECORD:

       For Appellants:

          Lon T. Holden, Jardine, Stephenson, Blewett
          & Weaver, Great Falls, Montana


       For Respondent:

          Jon S. McCarty, Scott & Tokerud, Great Falls,
          Montana


                       Submitted on Briefs:  March 10, 1995

                               Decided:  June 1, 1995

Filed:

_____
          Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Hughie E. Stroop filed a complaint in the Eighth Judicial District Court, Cascade County, against James C. Day and Colleen M. Day (the Days), alleging that they were liable for damages he sustained when he was bitten by their dog. Stroop's complaint alleged negligence and violation of § 27-1-715, MCA. Following trial, the jury found that the Days were not negligent nor had they violated § 27-I-715, MCA. Stroop moved for a new trial on his statutory claim. The District Court granted his motion. The Days appeal the decision of the District Court granting Stroop's motion for a new trial. Stroop cross-appeals the District Court's denial of his motion in limine for an order ruling that contributory negligence does not apply to the liability of defendants under § 27-1-715, MCA. We affirm in part and reverse in part.

The issues are:

1. Did the District Court err in granting Stroop's motion for a new trial?

2. Did the District Court err in denying Stroop's motion in limine for an order ruling that contributory negligence does not apply to the liability of defendants under § 27-1-715, MCA?

Stroop and the Days lived across an alley from one another in Great Falls, Montana. On May 19, 1990, Stroop was working in his backyard. He observed James Day in his backyard. Stroop testified that he crossed the alley and approached the Days' residence to tell Mr. Day about a suspicious looking vehicle he had seen near the Days' house on the evening of a recent robbery.

The Days' property was separated from the public alley by a "picket" type fence approximately forty-eight inches high. Stroop stood in the alley next to the Days' fence. As Day and Stroop conversed, Stroop leaned on the fence, rested his arms on the top horizontal cross-board and extended his hands and forearms into the Days' property. The Days' dog, Stogie, ran at Stroop in an aggressive manner. Stroop pulled his hands back from the Days' property.

Day testified that, after Stogie ran at Stroop, he cautioned Stroop about placing his hands over the fence. Stroop denied receiving any such warning.

Day and Stroop continued their conversation for several minutes. Sometime during their discussion, Stroop again leaned against the Days' fence, placing his hands and forearms into the Days' property. When Stroop extended his hands into the Days' property a second time, Stogie jumped up and bit Stroop's right hand. The parties dispute the severity of the bite and the extent of the damages suffered.

Stroop filed a complaint against the Days in the Eighth Judicial District Court, Cascade County. Stroop alleged negligence on the part of the Days as well as violation of § 27-1-715, MCA. Following trial, a jury found that the Days were not negligent nor had they violated § 27-1-715, MCA. Stroop moved for a new trial on his statutory claim. The District Court granted Stroop's motion for a new trial, determining that there was insufficient evidence for the jury to conclude that the Days had not violated § 27-I-715,

3

MCA. The Days appeal the **District Court's granting of a new trial.** Stroop cross-appeals the District Court's determination that contributory negligence is applicable to the statutory claim.

Issue 1

Did the District Court err in granting Stroop's motion for a new trial?

Pursuant to § 25-11-102, MCA, the District Court determined that there was insufficient evidence to justify the jury's verdict that the Days had not violated § 27-1-715, MCA. We review a district court's decision to grant a new trial to determine whether there was a manifest abuse of discretion. Stanhope v. Lawrence (1990), 241 Mont. 468, 787 P.2d 1226. We review the evidence in a light most favorable to the prevailing party to determine whether there was sufficient evidence that reasonable minds might accept as adequate to support a conclusion. Gass v. Hilson (1990), 240 Mont. 459, 784 P.2d 931; Barrett v. ASARCO (1990), 245 Mont. 196, 799 P.2d 1078.

Section 27-1-715, MCA, reads:

(1) The owner of any dog which shall <u>without provocation</u> bite any person <u>while such person is on or in a public place or lawfully on or in a private place, including the **property** of the owner of such dog, located within an incorporated city or town</u> shall be liable for such damages as **may** be suffered by the person bitten regardless of the former viciousness of such dog or the owner's knowledge of such viciousness.

(2) A person is lawfully upon the private property of such owner within the meaning of this section when he is on such property in the performance of any duty imposed upon him by the laws of this state or by the laws or postal regulations of the United States of America or <u>when he is on such property as an invitee or licensee of</u>

4

<u>the person lawfully in possession of the property</u>.
[Emphasis added.]

The Days alleged that: 1) Stroop provoked Stogie prior to the incident or 2) Stroop was not lawfully on or in the Days' private property at the time of the incident. They argue that if there was sufficient evidence of either of these statutory defenses, the District Court abused its discretion by granting a new trial. We address these arguments in turn.

The Days claim that there were three acts of provocation which led to the dog bite incident. First, approximately four to six weeks before the incident, Stroop chased Stogie out of Stroop's yard with a steel fence post. Second, on the day of the dog bite, Stroop extended his hands and forearms over the Days' fence and into "Stogie's turf." This led to Stogie's initial aggressive behavior toward Stroop. Finally, immediately before Stogie bit Stroop, Stroop again extended his hands and forearms over the Days' fence and into Stogie's turf.

The Days argue that, absent a defining statute or clear legislative intent, this Court should adopt the plain meaning of the term "provocation." The Days suggest several dictionary definitions of provocation which include any act that aroused, stimulated or incited a dog to bite an individual. Pursuant to this interpretation of provocation, the Days claim that Stroop's three acts provoked Stogie into biting.

Stroop argued, and the District Court agreed, that these acts were insufficient, as a matter of law, to satisfy the provocation defense in § 27-1-715, MCA. Stroop **claims** that under the Days'

5

interpretation of "provocation," any act or occurrence that caused a dog to bite an individual would become a defense under § 27-L 715, MCA. Thus, only a completely spontaneous attack would violate this section. The "without provocation" defense would thus overshadow the law and would render the statute virtually useless. See Robinson v. Meadows (Ill. Ct. App. 1990), 561 N.E.2d 111.

Stroop suggests that, to further the reasonable intent of the statute, provocation must be more narrowly defined. He argues that a more appropriate definition of provocation would require the victim to intentionally tease, torment or torture the dog.

After reviewing case law from various jurisdictions, we do not believe that either of the parties' proposed definitions are entirely correct, but rather this issue must be analyzed on a case-by-case basis. Clearly not every occurrence that stimulates a dog to bite an individual should be a defense under § 27-1-715, MCA. Conversely, provocation should not be required to rise to the level of intentional torture to be a valid defense.

In Robinson, the Illinois Court of Appeals addressed this particular concern. In its discussion, the court stated:

> Where, as here, the terms of a statute are not specifically defined, the words must be given their ordinary and popularly understood meanings, but the words must also be construed with reference to the purposes and objectives of the statute. [Citation omitted.1 Where literal enforcement of a statute will result in great injustice which was not contemplated, we will construe the statute to give effect to what must have been reasonably intended by the legislature. [Citation omitted.1
>
> As commonly understood, provocation means an act or process of provoking, stimulation or excitement. These definitions are so expansive, however, that, if taken literally, [the Illinois dog-bite statute1 could be

6

> interpreted to mean that provocation exists whenever any external stimulus has precipitated the attack or injury by an animal, i.e., whenever the animal's actions are not completely spontaneous. . [W]e believe that so literal an interpretation would render the statute largely meaningless, and yield unjust and absurd results.

Robinson, 561 N.E.2d at 114. The court went on to conclude that the determination of what constituted provocation has generally "proceeded on a case-by-case basis." Robinson, 561 N.E.2d at 115. Under such an analysis, provocation may include unintentional acts, provided that the attack that followed was not grossly out of proportion to the act of provocation. Wade v. Rich (Ill. Ct. App. 1993), 618 N.E.2d 1314.

We do not dispute the Days' claim that a dog is capable of remembering specific instances from its past. We nevertheless conclude, as a matter of law, that Stroop's act of chasing Stogie with a fence post four to six weeks prior to being bitten was not provocation under § 27-1-715, MCA. An incident so remote in time cannot be considered provocation under the terms of this statute.

Similarly, Stroop's extending his hands and forearms into the Days' property was not provocation. There was no testimony that Stroop thrust his hands toward the dog or made any quick or threatening gestures. As discussed below, Stroop's hands were lawfully on the Days' property. Mere presence on the property of another does not amount to provocation. See Smith v. Pitchford (Ill. Ct. App. 1991), 579 N.E.2d 24. Conduct such as Stroop resting his arms on the fence and allowing his hands and forearms to dangle over the Days' property cannot be considered provocation under any reasonable interpretation of that term.

7

The Days' second argument is that Stroop was not lawfully on or in the Days' property at the time of the bite. The Days argue that, while Stroop may have initially been lawfully on the Days' property, Day's warning Stroop to remove his hands from over the fence and Stogie's aggressive behavior converted Stroop's permissive presence to nonpermissive presence. The Days claim that, because Stroop was a "trespasser" at the time of the incident, he is barred from recovery under § 27-I-715, MCA.

Stroop argues that he was not a trespasser at the time of the incident. Stroop claims that he was standing in a public alley, with only his hands over the Days' property. He claims any encroachment onto the Days' private property was made as either an invitee or a licensee. Therefore, he was in a public place or lawfully in a private place pursuant to the terms of § 27-1-715, MCA.

The jury was instructed as follows:

> One who enters upon the premises of another at the express or implied invitation of the owner of the premises is called in law an invitee. An invitation is implied where there is some common interest or mutual advantage gained by the property owner as a result of the individual's presence.

> One who enters upon the premises of another for his own purpose, but with the permission or sufferance of the owner, is called in law a licensee. A license is implied where the object or purpose of the individual's presence upon the property is the pleasure, convenience or benefit of the individual.

State ex. rel. Burlington Northern, Inc. v. District Court (1972), 159 Mont. 295, 496 P.2d 1152. The jury was properly instructed

8

concerning Stroop's status as either an invitee or a licensee. The Days presented no facts by which the jury could have concluded that Stroop was not either a licensee or an invitee at the time of the incident. Any admonishment that Stroop should remove his hands from the fence or Stogie's display of aggressive behavior in the backyard did not revoke Stroop's status as an invitee or licensee. There was no evidence that Day revoked Stroop's status as a licensee or invitee. By ignoring Day's warning and Stogie's aggressive behavior, Stroop has not barred his claim.

We conclude that the District Court did not err in granting Stroop a new trial. Insufficient evidence was presented at trial that Stroop provoked Stogie. Likewise, there was insufficient evidence that Stroop was not in a public place or lawfully in a private place **at** the **time** of the incident. Therefore, there was not a manifest abuse of discretion by the District Court.

Issue 2

Did the District Court err in denying Stroop's motion in limine for an order ruling that contributory negligence does not apply to the liability of defendants under § 27-1-715, MCA?

The Days argue that this issue is not ripe for decision by this Court because the jury did not reach the issue of contributory negligence at the trial below. Alternatively, the Days claim that contributory negligence is applicable because Stroop pled his statutory claim as negligence per se. Therefore, the plaintiff's negligence must be compared to the defendants' negligence to apportion fault.

Stroop argues that the District Court erred by denying his motion in limine for an order ruling that contributory negligence does not apply to the liability of the defendants under § 27-1-715, MCA. Stroop claims that § 27-1-715, MCA, imposes strict liability on dog owners. He argues that liability is therefore limited only by the enumerated defenses provided by that section. Stroop insists that, because he did not provoke Stogie and was lawfully upon the premises, no other conduct may be considered to mitigate the Days' liability.

We agree with Stroop that § 27-1-715, MCA, imposes strict liability on dog owners. See Seim v. Garavalia (Minn. 1981), 306 N.W.2d 806, 810 (determining that a similar statute imposed strict liability rather than negligence per se). There is a clear split of authority concerning whether the defenses of contributory or comparative negligence should be applicable to strict liability dog-bite statutes. Many jurisdictions have determined that defendants are limited to the defenses enumerated in the statutes, namely that the plaintiff provoked the dog or the plaintiff was a trespasser at the time of the incident. See, e.g., Quellos v. Quellos (Ohio Ct. App. 1994), 643 N.E.2d 1173; Massey v. Colaric (Ariz. 1986), 725 P.2d 1099; Seim 306 N.W.2d at 811-12; Nicholes v. Lorenz (Mich. 1976), 237 N.W.2d 468.

However, other jurisdictions have determined that the defenses of contributory negligence, comparative negligence or comparative fault are consistent with their strict liability dog-bite statutes. See, e.g., Hayes v. McFarland (La. Ct. App. 1988), 535 So.2d 568;

**10**

Howard v. Allstate Insurance Co. (La. 1988), 520 So.2d 715; Ambort v. Nowlin (Ark. 1986), 709 S.W.2d 407; Budai v. Teague (N.J. Super.L. 1986), 515 A.2d 822.

After reviewing these cases and the applicable statutory language, we hold that contributory negligence is not a defense to a claim brought under § 27-1-715, MCA. As previously stated, the only defenses provided within § 27-I-715, MCA, are that the dog was provoked or that the defendant was a trespasser. In _Massev_, the Arizona Supreme Court stated:

> A.R.S. § 24-378 permits a person injured by a dog while at large to recover simply by proving that the statute has been violated. If the elements of the statute are satisfied, the legislature has decided to impose liability without fault. The only defense provided is provocation, A.R.S. § 24-523, with the common law defenses of contributory negligence and assumption of risk superseded.

_Massev_, 725 P.2d at 1100-01.

We find the reasoning of the _Massey_ court persuasive. Section 27-1-715, MCA, provides that dog owners are liable for damages caused by their dogs, regardless of the owners' negligence. The statute lists two defenses. If the **victim** can establish that he or she was bitten by a dog and the dog's owner is unable to establish either of the enumerated defenses, the owner is liable. Ideas of comparative or contributory negligence are inapplicable under such a strict liability scheme.

In sum, we conclude that the District Court did not abuse its discretion in granting a new trial. However, we conclude that the District Court erred in denying Stroop's motion in limine for a

11

ruling that contributory negligence does not apply to a claim brought under § 27-1-715, MCA.

We therefore affirm in part and reverse in part the decision of the District Court and remand for further proceedings consistent with this opinion.

_J. A. Turnage_
Chief Justice

We concur:

_Karla M. Gray_

_Terry Trieweiler_

_William E. Hunt_

_Regnitz_

_J. Weber_

_W. William Leaphart_
Justices

12