No. 02-692

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 291

_____

JULIO MADRID                                              )
                                                         )
      Petitioner,                                  )
                                                         )
    v.                                               )    OPINION
                                                         )      and
FIFTH JUDICIAL DISTRICT COURT,                           )    O R D E R
BEAVERHEAD COUNTY, THE HONORABLE                         )
LOREN TUCKER, Presiding Judge and                        )
ZENCHIKU LAND AND LIVESTOCK                              )
                                                         )
      Respondent.                                  )

_____

¶1     Petitioner, Julio Madrid (Madrid), by counsel, has filed an Application for Writ of Supervisory Control.  Zenchiku Land and Livestock (Zenchiku), by counsel, has filed a Response. Madrid asks this Court to correct what it claims was an error of law made by the District Court when it allowed Zenchiku to contest its statutory liability to Madrid by presenting the defense of assumption of the risk.

¶2     These parties were previously before this Court in *Madrid v. Zenchiku Land and Livestock*, 2002 MT 172, 310 Mont. 491, 51 P.3d 1137 (*Madrid*).  In that case, this Court held that § 81-4-215, MCA, imposed strict liability on owners of livestock for injuries sustained by persons injured by their trespassing livestock. We therefore reversed and remanded the case to the District Court for a determination of the damages sustained by Madrid when he was injured by Zenchiku's trespassing bull.  On remand, Zenchiku sought leave to pursue its previously raised affirmative defense of assumption of the risk, claiming that the viability of that defense was not addressed in our *Madrid*

1

opinion, and that even if the owner of livestock may be held strictly liable for another's injuries, the owner of the livestock may nonetheless seek to mitigate his liability by establishing that the plaintiff assumed the risk of his injuries. The District Court, after considering briefs from both parties, concluded that Zenchiku should be allowed to present affirmative defenses, including assumption of the risk, at trial. Madrid filed this Application.

¶3      Supervisory control is appropriate when a district court is proceeding under a mistake of law, and in so doing is causing a gross injustice for which appeal is not an adequate remedy. *Safeco v. Montana Eighth Judicial Dist.*, 2000 MT 153, ¶ 14, 300 Mont. 123, ¶ 14, 2 P.3d 834, ¶ 14. Supervisory control remains an extraordinary remedy and will be exercised only in extraordinary circumstances. *Safeco*, ¶ 14, *State v. Dist. Court of Fourth Jud. Dist.* (1996), 277 Mont. 349, 352, 922 P.2d 474, 476.

¶4      The law of this case is set forth at ¶ 20 of *Madrid*, where this Court held that the District Court erred in its interpretation of § 81-4-215, MCA; that the circumstances in *Madrid* met all the requirements of that statute; and that the cause be reversed and remanded for a determination of damages. We did not address the viability of Zenchiku's assumption of the risk defense in *Madrid* for the simple reason that neither party brought it to our attention.

¶5      Zenchiku argues now that this Court has always permitted the defendant to raise the defense of assumption of the risk in strict liability cases. It is true that in strict *products* liability cases, we have approved the defense, because such a defense is expressly authorized by statute. See § 27-1-719(5), MCA (1987). (*Lutz v. National Crane Corp.* (1994), 267 Mont. 368, 379, 884 P.2d 455). A different result is compelled here. We have previously held that if a strict liability statute does not expressly provide for the defense at issue, it may not be raised.

¶6      In *Stroop v. Day* (1995), 271 Mont. 314, 896 P.2d 439, we were asked to consider whether

the defense of contributory negligence could be raised in a case brought under § 27-1-715, MCA, which imposes strict liability on a dog owner if the owner's dog bites, without provocation, anyone in a public place or who is lawfully present on the dog owner's property. The statute contains no "assumption of the risk" or other affirmative defense language similar to that found in § 27-1-719, MCA. We reviewed two lines of cases from other jurisdictions in *Stroop*--one allowing affirmative defenses such as comparative fault to be raised in strict liability dog-bite cases governed by statute, and the other limiting defenses to only those expressly provided in the statute. We were persuaded by the latter line of authority, concluding that the only defenses available to the dog-owner were those *expressly* set forth in the statute--provocation and unlawful presence. We stated: "Ideas of comparative or contributory negligence are inapplicable under such a strict liability scheme." *Stroop*, 271 Mont. at 322, 896 P.2d at 444.

¶7      This same analysis applies in the case at bar. Section 81-4-215, MCA, states:

> If any cattle, horses, mules, asses, hogs, sheep, llamas, alpacas, bison, or other domestic animals break into any enclosure and the fence of the enclosure is legal, as provided in 81-4-101, the owner of the animals is liable for all damages to the owner or occupant of the enclosure. This section may not be construed to require a legal fence in order to maintain an action for injury done by animals running at large contrary to law.

The only defense supplied by the statute arises if the enclosure breached by the animal is not legal. No such defense exists here. Because the statute does not expressly provide for an assumption of the risk defense, and pursuant to our holdings in *Madrid* and *Stroop*, we conclude that the District Court erred in allowing Zenchiku to interpose the defense of assumption of the risk, and that the District Court therefore has proceeded under a mistake of law.

¶8      In light of the fact that this is the second time this case has come before this Court, and so as to both preclude the prospect of a third such occasion and clarify the meaning of our holding in

3

*Madrid,*

¶9    IT IS HEREBY ORDERED that Petitioner's Application for Writ of Supervisory Control is GRANTED.

¶10    IT IS FURTHER ORDERED that this cause is remanded to the District Court for further proceedings consistent with this Order.

¶11    IT IS FURTHER ORDERED that the Clerk of this Court give notice of this Order by mail on all counsel of record and the Fifth Judicial District Court, Beaverhead County, the Honorable Loren Tucker.

¶12    DATED this 11th day of December, 2002.

/S/ KARLA M. GRAY

/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ JIM REGNIER
/S/ W. WILLIAM LEAPHART

4