631 P.2d 557

Cheryl TONEY, as Guardian ad Litem for Eugenia Toney, Plaintiff-Appellant,

v.

Harlean BOUTHILLIER, Defendant-Appellee.

No. 1 CA–CIV 4805.

Court of Appeals of Arizona, Division 1, Department B.

May 19, 1981.

Rehearing Denied June 12, 1981.

Review Denied July 7, 1981.

---

**3.** Salt River Project's long and interesting history is described in *Uhlmann v. Wren*, 97 Ariz. 366, 401 P.2d 113 (1965).

## OPINION

JACOBSON, Judge.

Three main issues are raised in this appeal: (1) whether the actions of a three-and-one-half-year-old child can constitute provocation for purposes of a defense to liability for a dog bite pursuant to A.R.S. § 24–523; (2) whether there are disputed issues of material fact precluding summary judgment; and (3) whether A.R.S. § 24–378 imposes strict liability for injuries caused by dogs running at large and disallows provocation as a defense.

The pertinent facts of this case are as follows. On September 13, 1976, Eugenia Toney, then three years, and eight months of age, was playing on a public sidewalk in Phoenix, Arizona when she was bitten by a German Shepherd dog owned by Harlean Bouthillier. The dog was unleashed and roaming in the neighborhood at the time the incident occurred. As a result of the dog bite, Eugenia suffered a laceration of her nose which has required two surgical procedures and may require a third procedure.

Eugenia's mother filed an action on behalf of her daughter against Ms. Bouthillier on February 18, 1977, seeking damages for the child's physical injuries and mental suffering. Following the taking of Eugenia's deposition, plaintiff filed a *motion in limine* asking the court to exclude Eugenia's deposition testimony that she had struck the dog prior to being bitten. The defendant filed a cross motion for summary judgment on the basis that Eugenia's testimony established the defense of provocation of attack pursuant to Arizona's dog bite liability statutes A.R.S. § 24–521 *et seq.* Plaintiff's motion was denied and defendant's motion was granted on November 30, 1978. However, since the plaintiff had insufficient time to respond to the motion for summary judgment, the trial court subsequently considered her response to that motion and a motion for rehearing. The trial court denied this motion on December 11, 1979. The plaintiff then filed a motion for a new trial, denominated a motion for reconsideration and rehearing, together with new affidavits on December 15, 1979. The trial court considered plaintiff's motion and affidavits and reconfirmed the granting of summary judgment.

Appellant/plaintiff Cheryl Toney, as guardian ad litem for Eugenia Toney, appealed the trial court's order granting summary judgment in favor of appellee/defendant Harlean Bouthillier. The statutes which are the basis for the plaintiff's first allegation of error are A.R.S. § 24–521 *et seq.* which provide in pertinent part:

A.R.S. § 24–521. Liability for dog bites

The owner of a dog which bites a person when the person is in or on a public place ... is liable for damages suffered by the person bitten, regardless of the former viciousness of the dog or the owner's knowledge of its viciousness.

\*     \*     \*     \*     \*     \*

A.R.S. § 24–523. Provocation as defense

Proof of provocation of the attack by the person injured shall be a defense to the action for damages.

Based upon these statutes plaintiff first contends that Eugenia, at age three and one-half, was legally incapable of provoking the dog's attack and therefore, her deposition testimony should not have been considered. In support of this contention plaintiff cites numerous cases which stand for the proposition that a child of tender years cannot, as a matter of law, be either contributorily negligent or capable of assuming the risk of an attack by a domestic animal. *See e. g. Beliak v. Plants*, 84 Ariz. 211, 326 P.2d 36 (1958); *Babin v. Zurich Ins. Co.*, 336 So.2d 900 (La.App.1976). While this is a correct statement of the law of contributory negligence, it has applicability to A.R.S. § 24–523 only if the defense of provocation is dependent upon fault of the injured party. If, on the contrary, provocation is defined in terms of an action that will cause an animal to react in a manner injurious to the actor, a child's capacity to be at fault is irrelevant.

Arizona has not addressed the availability of a provocation defense to A.R.S. § 24–523 where the injured party is a young child. However, this issue has been decided by the courts of Illinois, the jurisdiction from which Arizona originally adopted its "dog bite statutes."[1] In *Nelson v. Lewis*, 36 Ill. App.3d 130, 344 N.E.2d 268 (1976), the court noted that the adoption of the statute had substantially eased the burden imposed by the common law. At common law, a plaintiff had to demonstrate that the dog was vicious toward humans, and that the owner knew of this disposition. The court went on to say that although the legislature had made contributory negligence of the injured party irrelevant to the liability of the dog

---

1. Illinois amended its statute subsequent to Arizona's adoption of A.R.S. § 24–521 *et seq.* However, the Arizona and Illinois statutes are still substantially the same with respect to the provocation defense. Ill.Ann.Stat. Ch. 8, § 366 (Smith-Hurd 1975) provides:

If a dog or other animal, without provocation, attacks or injures any person who is peaceably conducting himself in any place where he may lawfully be, the owner of such dog or other animal is liable in damages to such person for the full amount of the injury sustained.

owner, the statute was not meant to impose strict liability on dog owners for all injuries caused by dogs. The court held:

The statute does not distinguish between intentional and unintentional acts of provocation.... Defendant's position, that the mental state of the actor who provokes a dog is irrelevant, is consistent with the commonly understood meaning of provocation. Provocation is defined as an act or process of provoking, stimulation or incitement. (Webster's Third New International Dictionary 1827 (1961).) Thus it would appear that an unintentional act would constitute provocation within the plain meaning of the statute.

\* \* \* \* \* \*

Had the legislature intended only intentional provocation to be a bar to recovery we think it would have so specified. Its conclusion apparently was that an owner or keeper of a dog who would attack or injure someone without provocation should be liable. This implies that the intent of the plaintiff is immaterial. *Nor do we think that the plaintiff's status as a child of tender years should relieve her of all responsibility for a provoking act.*

\* \* \* \* \* \*

[A] young child is not exempted from responsibility for his or her acts which provoke a dog under this statute. (Emphasis added.)

36 Ill.App.3d at 131, 133, 344 N.E.2d at 270–272.

The Illinois court held that even though the provocation was unintentional and the child involved was only two-and-one-half-years old, provocation was a complete de-fense. The Illinois courts recently reaffirmed this position in *Stehl v. Dose*, 83 Ill.App.3d 440, 443, 38 Ill.Dec. 697, 699, 403 N.E.2d 1301, 1303 (1980), wherein the court held, "[T]he question of what conduct constitutes provocation is primarily a question of whether plaintiff's actions would be provocative to the dog."

Like Arizona and Illinois, Michigan has a dog bite statute providing for the defense of provocation.[2] In *Nicholes v. Lorenz*, 396 Mich. 53, 237 N.W.2d 468 (1976), the Michigan Supreme Court held that statutory liability required a determination whether a six-year-old child's inadvertent stepping on a dog's tail constituted provocation. While not directly addressing whether the child's age and capacity for contributory negligence have any bearing under the statute, the court's analysis appears to indicate that they do not. The court described the statute stating:

It creates an almost absolute liability. However, the Legislature excepted the consequences which might reasonably result from provoking an animal.

396 Mich. at 59–60, 237 N.W.2d at 470.

Thus, like Illinois, Michigan has held that provocation is a matter of whether particular actions are likely to cause a dog to react by biting and to disregard whether the actor intended to provoke.

We find the reasoning of the Illinois and Michigan courts to be persuasive. A.R.S. § 24–521 imposes liability on dog owners irrespective of the fault of the dog owner. Consequently, we believe that the corresponding statutory defense must be construed without reference to fault of the individual committing the provocation.[3]

2. Mich.Comp.Laws.Ann. § 12.544 (1981) provides:

The owner of any dogs which shall without provocation bite any person while such person is on or in a public place, or lawfully on or in a private place, including the property of the owner of such dog, shall be liable for such damages as may be suffered by the person bitten, regardless of the former viciousness of such dog or the owner's knowledge of such viciousness.

3. We note that cases cited by appellant in support of her position that capacity of the injured party to be at fault is relevant are from jurisdictions whose statutes limit a defense to some form of intentional provocation. Additionally, we note that Eugenia's alleged actions were intentional. Even in jurisdictions which have not specifically addressed the issue of unintentional acts or the capacity of an injured party to be at fault, the intentional acts of children of tender years have been held to constitute provocation. *See, e. g., Paulsen v. Courtney*, 202

The statutory language does not expressly exempt from this defense young children who are bitten. To add such an exemption would be engaging in judicial legislation of a statute which is in derogation of the common law and thus subject to literal construction. *See Richardson v. Ainsa*, 11 Ariz. 359, 95 P. 103 (1908), *aff'd* 218 U.S. 289, 31 S.Ct. 23, 54 L.Ed. 1044 (1910); *Kilmer v. Hicks*, 22 Ariz.App. 552, 529 P.2d 706 (1974). We therefore hold that the actions of a child of tender years may constitute provocation within the meaning of A.R.S. § 24–523.

Plaintiff next contends that there are disputed issues of material fact precluding summary judgment. Specifically, she argues that an issue exists whether Eugenia struck the dog and even assuming she struck the dog, whether her action constitutes provocation.[4]

In reviewing the granting of summary judgment, this court must view the facts and inferences to be drawn therefrom in a light most favorable to the party opposing the motion. *Kiser v. A. J. Bayless Markets, Inc.*, 9 Ariz.App. 103, 449 P.2d 637 (1969). Viewed in this manner, the record reveals disputed issues of material fact.

The motion for summary judgment was based upon deposition testimony by Eugenia that she hit the dog prior to being bitten. At the time her deposition was taken, Eugenia was five years old. Her testimony with respect to the sequence of events leading to her injuries is both ambiguous and contradictory. For example:

[Cross Examination]

Question: Had you ever seen that dog before?

Answer: No.

Question: Tell me what happened right before you got bit.

Answer: I ran home.

Question: Before you got bit. Not after, but before.

Answer: We were walking to get a drink.

\* \* \* \* \* \*

Question: Did you stop to get the drink of water?

Answer: Yes.

Question: And then what happened?

Answer: We were walking home and the dog bit me.

Question: Were you touching the dog when he bit you, Eugenia?

Answer: No. He was being bad.

Question: What was he doing?

Answer: I forgot. It was a long time ago.

Question: What do you mean by "he was being bad"?

Answer: I don't know.

Mr. Bauer: Was he being bad because he bit you?

The Witness: Huh uh.

Question: (By Mr. Rosenthal) When he was being bad, did you hit him Eugenia?

Answer: Well, I got the collar and I hit him with the collar.

Question: Was this before he bit you?

Answer: Yes.

\* \* \* \* \* \*

Question: You took the collar off?

---

Neb. 791, 277 N.W.2d 233 (1979). *See generally* Annot. 66 A.L.R.2d 916 (1959).

4. The defendant claims that plaintiff has waived her claim that the record contains disputed issues of material fact by a statement in the opening brief that "in any event, those issues are immaterial . . . ." However, we find this allegation to be without merit. The portion of the opening brief relied on by defendant appears in the following context:

A genuine issue of material fact exists as to whether Eugenia struck the dog, or if she did so, whether the strike was sufficient to constitute provocation and/or whether it was done in self defense.

In any event, those issues are immaterial, since a child of tender years is not legally capable of provoking an attack.

It is clear that the plaintiff's argument is that assuming she is correct that a young child cannot as a matter of law commit acts constituting provocation for purposes of A.R.S. § 24–523, whether she struck the dog is immaterial. However, if plaintiff is incorrect in this assumption, there is no admission that the disputed facts are immaterial.

Answer: Uh-huh.

Question: And hit him with the collar?

Answer: Yes.

Question: How many times did you hit him?

Answer: One.

Question: Did the collar have a chain attached to it?

Answer: No.

\* \* \* \* \* \*

[Direct Examination]

Question: Was the collar around the dog's neck when you got the dog the drink of water at that lady's house?

Answer: I forgot.

Question: But the collar came off the dog? Did you take the collar off or did Chris take the collar off?

Answer: I can't remember.

\* \* \* \* \* \*

Question: Now, I think you told Mr. Rosenthal that you hit the dog with the collar, is that right? Yes?

Answer: Because he was being bad, yes.

Question: Because he was being bad? Do you remember what he was doing that made him bad? What bad thing was he doing?

Answer: I forgot.

Question: Was he jumping on you?

Answer: No.

Question: Was he jumping on Chris?

Answer: I think so.

Question: You think he was jumping on Chris?

Answer: No, he wasn't.

\* \* \* \* \* \*

Question: Were you scared when you hit the dog with the collar?

Answer: Yes.

Question: And you were more scared after the dog bit you then, were you?

Answer: Yes.

Question: Do you remember what the collar looked like?

Answer: It was rubber.

\* \* \* \* \* \*

Question: You don't remember, though, who took it off?

Answer: No.

Question: When you hit the dog, did you think the dog was going to hurt you?

Answer: I don't know.

Question: Did you hit the dog as hard as you could, or did you hit him lightly?

Answer: Middle.

■ In contrast to Eugenia's testimony that she hit the dog prior to being bitten, affidavits in the record from two children who witnessed the incident state that at no time before being bitten did Eugenia hit or strike the dog. The children who made these affidavits are ages nine and six. The affidavits indicate that they were read to the children who indicated that they understood the statements. As with Eugenia's deposition testimony, these affidavits have the obvious problems associated with the fact that the children are very young and that two years passed between the incident and the depositions and affidavits. However, the record indicates that there has been no examination of any of these children by the trial judge to determine their competency to be witnesses. Without first having examined the child on voir dire a trial court may not determine that a child is incompetent to testify. A.R.S. § 12–2202; *Litzkuhn v. Clark*, 85 Ariz. 355, 339 P.2d 389 (1959). Absent such an examination we cannot presume that Eugenia or the two children who witnessed the incident will be excluded as witnesses. Therefore, the record contains conflicting testimony concerning whether Eugenia hit the dog prior to being bitten.

■ Even assuming that Eugenia did hit the dog, a factual issue remains whether her blow was sufficient to constitute a provocation. It is improper on summary judgment to make the factual determination that a "middle" blow struck by a three-year-old against a German Shepherd is provocation. Reasonable persons may differ and accordingly this issue is one especially suited to determination by the trier-of-fact. *See Ellsworth v. Elite Dry Clean-*

ers, Dryers and Laundry, Inc., 127 Cal. App.2d 479, 274 P.2d 17 (Cal.App.1954); *Nicholes v. Lorenz*, 396 Mich. 53, 237 N.W.2d 468 (1976); *Stehl v. Dose*, 83 Ill. App.3d 440, 38 Ill.Dec. 697, 403 N.E.2d 1301 (1980). *See generally* 66 A.L.R.2d 916 (1959).

■ Eugenia's testimony raises an additional question. She stated that she was fearful at the time she struck the blow and that the dog was "being bad." This raises an inference that her actions may have been in defense of herself or her companion and therefore might not constitute provocation. This is also an issue for resolution by the trier-of-fact rather than upon motion for summary judgment. *See Steichman v. Hurst*, 2 Ill.App.3d 415, 275 N.E.2d 679 (1971).

Plaintiff has also asserted that her complaint states a cause of action pursuant to A.R.S. § 24–378, which provides:

Injury to any person or damage to any property by a dog while at large shall be the full responsibility of the dog owner or person or persons responsible for the dog when such damages were inflicted.

"At large" is defined in A.R.S. § 24–361.2 as "being neither confined by an enclosure nor physically restrained by a leash."

■ The defendant argues since A.R.S. § 24–370 provides that only certain dogs (female dogs during breeding season and "vicious" dogs) are not permitted to be at large, A.R.S. § 24–378 is only applicable to these dogs. Such an interpretation would require our construing "dog" in A.R.S. § 24–378 as limited to female dogs in heat and vicious dogs. The legislature is presumed to express its meaning as clearly as possible and therefore words used in a statute are to be accorded their obvious and natural meaning. *Odle v. Shamrock Dairy of Phoenix, Inc.*, 7 Ariz.App. 515, 441 P.2d 550 (1968). "Dog" in its ordinary sense is not limited to females or vicious dogs. Had the legislature intended such a limitation, we presume it would have used language expressing this intent. Absent such language of limitation, we believe that injuries caused by any dog while at large are the responsibility of its owner.

■ The applicability of § 24–378 is also contested by the defendant on the grounds that the complaint fails to make specific reference to this statute. However, failure to make reference to a statute is not fatal to a claim. *Mercer v. Vinson*, 85 Ariz. 280, 336 P.2d 854 (1959). The complaint does set forth those facts necessary to constitute a violation of § 24–378. It alleges that the dog injured Eugenia and that its owner failed to keep the dog in a proper place or upon a proper leash as required by Arizona law.

■ The defendant further argues that A.R.S. § 24–376 makes A.R.S. § 24–378 inapplicable to cities and towns that "impose a license fee and vaccination on dogs by ordinance, provided that such ordinances are equal to or more stringent than the provisions of this article." The City of Phoenix does have such an ordinance. However, City of Phoenix Ordinance Number G–589, Code of the City of Phoenix, Article III, Section 8–15, is not equal to or more stringent than the provisions of Article 8, Title 24 of the Arizona Revised Statutes. In construing this ordinance as it existed when Eugenia was injured, the Arizona Supreme Court held that a violation of this ordinance required a showing that the dog owner intentionally or negligently allowed the dog to run at large. *Santanello v. Cooper*, 106 Ariz. 262, 475 P.2d 246 (1970). However, A.R.S. § 24–378 imposes strict liability on dog owners whose dogs cause injury while they are running at large. *Jones v. Manhart*, 120 Ariz. 338, 585 P.2d 1250 (App.1978). Therefore, we conclude § 24–378 is applicable to the facts of this case.

■ Nevertheless, this statute does not put the plaintiff in a different posture with respect to a defense of provocation. Although A.R.S. § 24–378 imposes strict liability, it does not follow that this means absolute liability. There are no Arizona cases analyzing the possible defenses to this statute. However, there are numerous cases in other jurisdictions construing statutes imposing strict liability on dog owners where the statutes are silent concerning defenses. These cases hold that provocation by the injured party constitutes a defense. *See e.*

g., *Paulsen v. Courtney*, 202 Neb. 791, 277 N.W.2d 233 (1979); *Foy v. Dayko*, 82 N.J. Super. 8, 196 A.2d 535 (1964). *See generally*, Annot. 66 A.L.R.2d 916 (1959); 142 A.L.R. 436 (1943). We construe A.R.S. § 24–378 to include a provocation defense as previously described.

In summary, we hold that the trial court correctly held that the acts of a young child may amount to provocation for purposes of A.R.S. § 24–523 and that provocation is also a defense to liability pursuant to A.R.S. § 24–378. However, the record in this matter presents factual disputes with respect to that provocation which may not be determined on a motion for summary judgment.

The judgment of the trial court is reversed and the matter is remanded for further proceedings consistent with this decision.

HAIRE, P. J., and EUBANK, J., concur.