725 P.2d 1099

**Richard D. MASSEY and Jo Ann Massey, his wife, Plaintiffs/Appellants,**

v.

**Wayne COLARIC and Mary Gale Colaric, his wife, Defendants/Appellees.**

**No. CV–86–0289–PR.**

Supreme Court of Arizona,
En Banc.

Sept. 5, 1986.

Eagleburger, Harrell & Keller by William A. Harrell, Phoenix, for plaintiffs/appellants.

**66**

Sorenson, Moore & Julian by J. William Moore, Phoenix, for defendants/appellees.

OPINION

GORDON, Vice Chief Justice.

Richard and JoAnn Massey have petitioned this court for a review of a decision of the court of appeals which affirmed a defense verdict in the trial court. See *Massey v. Colaric*, 151 Ariz. 89, 725 P.2d 1123 (App.1986). We accepted review and have jurisdiction pursuant to Ariz.Const. art. 6, § 5(3) and Ariz.R.Civ.App.P. 23.

The facts are set forth in detail by the court of appeals and are briefly as follows: Petitioner Richard Massey was injured when dogs owned by respondents, Wayne and Mary Colaric, spooked the horse Massey was riding and caused him to be thrown to the ground. Massey was injured as a result of the fall. Arizona has a strict liability statute governing injuries caused by dogs running at large. A.R.S. § 24–378 reads as follows:

**"Dogs; liability**

Injury to any person or damage to any property by a dog while at large shall be the full responsibility of the dog owner or person or persons responsible for the dog when such damages were inflicted."

The trial court gave a defense instruction on assumption of risk over petitioner's objection. However, the trial court also granted petitioner's motion on the issue of provocation and gave no instruction as to this defense.

"MR. KEENAN: I'd also next like to move for a directed verdict on the issue of provocation.
THE COURT: Granted.
MR. GARRETT: Oh, no objection."

The jury returned a defense verdict. The only issue before us is whether as-

sumption of risk is available as a defense to an action brought pursuant to A.R.S. § 24–378. We hold the defense is not available and therefore it was error for the instruction to be given by the trial court.

■ In Arizona dogs do not get "one free bite". Owners are held strictly liable for injuries caused by their dogs' actions and liability is imposed without regard to an owner's knowledge of the dog's viciousness. A.R.S. §§ 24–378, 521;[1] *Murdock v. Balle*, 144 Ariz. 136, 137, 696 P.2d 230, 231 (App.1985). The owner is virtually an insurer of the dog's conduct. The only defense to this statutory action is proof that the injured party provoked the dog. A.R.S. § 24–523;[2] *Litzkuhn v. Clark*, 85 Ariz. 355, 360, 339 P.2d 389, 392 (1959); *Murdock v. Balle, supra; James v. Cox*, 130 Ariz. 152, 157, 634 P.2d 964, 969 (App. 1981); *Toney v. Bouthillier*, 129 Ariz. 402, 409, 631 P.2d 557, 564 (App.1981). We have previously held that in a statutory action brought pursuant to A.R.S. § 24–521 it was error to give an instruction on assumption of risk. *Litzkuhn v. Clark*, 85 Ariz. at 360, 339 P.2d at 393.

Although the statute currently at issue is not the "dog bite", but rather the "dog injury" statute, we believe the same rule must apply. It would make no sense to allow the defense of assumption of risk in "dog injury" actions and continue to foreclose use of the defense in "dog bite" actions.

■ A.R.S. § 24–378 permits a person injured by a dog while at large to recover simply by proving that the statute has been violated. If the elements of the statute are satisfied, the legislature has decided to impose liability without fault. The only defense provided is provocation, A.R.S. § 24–523, with the common law defenses of contributory negligence and assumption of

**1. § 24–521. Liability for dog bites**
The owner of a dog which bites a person when the person is in or on a public place or lawfully in or on a private place, including the property of the owner of the dog, is liable for damages suffered by the person bitten, regard-less of the former viciousness of the dog or the owner's knowledge of its viciousness.

**2. § 24–523. Provocation as defense**
Proof of provocation of the attack by the person injured shall be a defense to the action for damages.

risk superseded. The legislature apparently believed that only when the injured party kicks, hits, teases or in some way provokes the dog, should the claimant be denied recovery.

■ Although the court of appeals was correct in stating that other states allow the defense of assumption of risk in strict liability actions involving animals, none of the cases cited supports its statement. *See, e.g., Wendland v. Akers,* 356 So.2d 368 (Fla.App.1978) (overruled by *Donner v. Arkwright-Boston Manufacturers Mut.,* 358 So.2d 21 (1978)); *Gilliland v. Rothermel,* 83 Ill.App.3d 116, 38 Ill.Dec. 528, 403 N.E.2d 759 (1980) (case involved allegedly defective tire gage and not an animal; did not discuss assumption of risk defense); *Franken v. City of Sioux Center,* 272 N.W.2d 422 (Iowa 1978) (common law action for tiger bite based on negligence and strict liability). Other jurisdictions interpret statutory dog injury actions as we decide today and disallow the defense of assumption of risk. *See Donner v. Arkwright-Boston Manufacturers Mut., supra; Duell v. Coyle,* 22 Conn.Sup. 332, 171 A.2d 427 (1961). Since the defense of assumption of risk is not available in actions brought pursuant to A.R.S. § 24–378, we need not reach the issue of whether the evidence presented in the case supported an instruction. The opinion of the court of appeals is vacated and the case is remanded for proceedings not inconsistent with this opinion.

HOLOHAN, Chief Justice, and HAYS, CAMERON and FELDMAN, JJ., concur.