757 P.2d 609

Jacob Ray JOHNSON, a minor, By and Through his parents and next best friends, Bernard and Donna JOHNSON, Plaintiffs/Appellees,

v.

Rudolph and Deborah SVIDERGOL, Defendants/Appellants.

No. 2 CA–CV 88–0051.

Court of Appeals of Arizona, Division 2, Department B.

May 31, 1988.

Reconsideration Denied June 27, 1988.

Miller & Pitt, P.C. by Dennis P. McLaughlin and Thomas G. Cotter, Tucson, for plaintiffs/appellees.

Hazlett & Wilkes by Carl E. Hazlett, Tucson, for defendants/appellants.

## OPINION

ROLL, Judge.

Defendants/appellants Rudolph and Deborah Svidergol appeal from the granting of summary judgment on liability in favor of plaintiffs/appellees Jacob Ray Johnson and his parents (Johnsons) in this dog bite case. For the reasons set forth below, we vacate the order granting summary judgment and remand for further proceedings.

## FACTS

For purposes of summary judgment, the facts are as follows. On July 23, 1985, Vincent Villareal stole a black labrador/doberman dog owned by Deborah Svidergol from her Cerritos, California, residence. That same day, Villareal travelled with the dog to Kingman, Arizona, where the Johnsons resided. Villareal was related by marriage to Bernard Johnson. Svidergol reported the theft of the dog to the police and, on July 24, a Los Angeles Sheriff's Department deputy completed a report detailing the theft of the dog. On July 25, while Villareal was staying with the Johnsons, the dog bit three-and-one-half-year-old Jacob Ray Johnson on the face, seriously injuring the child. The incident occurred while Jacob was playing in his parents' backyard.

## PROCEDURAL HISTORY

The Johnsons filed a complaint against Villareal and the Svidergols. The Svidergols filed a third-party complaint against Villareal. The Johnsons moved for partial summary judgment on the issue of liability based upon A.R.S. § 24–521. Counsel for the Svidergols filed an opposition, attaching the sheriff's report regarding the theft of the dog and their answers to interrogatories. The trial court granted the Johnson's motion and this appeal followed.

## ISSUE ON APPEAL

The issue on appeal is whether the trial court erred in granting summary judgment on liability against the owner of a dog for injuries sustained by a dog bite victim after the dog had been stolen from the owner.

## PROCEDURAL ARGUMENT

The Johnsons contend that summary judgment was appropriate based upon A.R.S. § 24–521 and *Massey v. Colaric*, 151 Ariz. 65, 725 P.2d 1099 (1986). A.R.S. § 24–521 provides:

The owner of a dog which bites a person when the person is in or on a public place or lawfully in or on a private place, including the property of the owner of the dog, is liable for damages suffered by the person bitten, regardless of the former viciousness of the dog or the owner's knowledge of its viciousness.

In *Massey*, the supreme court stated:

The owner is virtually an insurer of the dog's conduct. The only defense to this statutory action is proof that the injured party provoked the dog.

151 Ariz. at 66, 725 P.2d at 1100.

The Svidergols argue that summary judgment was inappropriate because the dog had been stolen by Villareal, Ms. Svidergol's former boyfriend, two days before the bite occurred. The Svidergols argue that Villareal is the only proper defendant and that A.R.S. § 24–378 controls. That statute provides:

Injury to any person or damage to any property by a dog while at large shall be the full responsibility of the dog owner or person or persons responsible for the dog when such damages were inflicted.

The Johnsons argue that the Svidergols failed to submit legally sufficient documentation to their opposition to the motion for partial summary judgment. Rule 56(e), Ariz.R.Civ.P., 16 A.R.S., describes the requirements for affidavits in summary judgment pleadings and provides in part:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.

Rule 33(a), Ariz.R.Civ.P., 16 A.R.S., provides that each interrogatory to which the answering party does not object must be "answered separately and fully in writing under oath" and that "[t]he answers are to be signed by the person making them, and the objections signed by the attorney making them."

The Johnsons' motion for partial summary judgment included pages from the deposition of Mrs. Johnson describing Villareal's arrival in Kingman and the dog's attack. The Johnsons also attached one page of interrogatories submitted by counsel for the Svidergols. Included in the information on this page is Ms. Svidergol's admission that she was the owner of the dog.

The opposition to the motion recited that Villareal had stolen the dog from Svidergol. This statement was supported by an attached police report regarding Ms. Svidergol's report of the theft and interrogatories answered by counsel for the Svidergols, again describing the theft and the fact that the dog's whereabouts at the time of the biting were unknown. The interrogatories were not signed by Ms. Svidergol and the police report was unverified.

■ The Johnsons argue that summary judgment should be affirmed because the documents filed in support of the statement of facts submitted by Svidergol do not comply with Rule 56(e). Although federal decisions interpreting federal rules of civil procedure, which are identical to our state rules, are not controlling, they are persuasive. *Jenney v. Arizona Express, Inc.*, 89 Ariz. 343, 349, 362 P.2d 664, 668 (1961). In *S & S Logging Co. v. Barker*, 366 F.2d 617, 624–25 n. 7 (9th Cir.1966), the Ninth Circuit stated that answers to interrogatories sworn to by an officer of plaintiff corporation were insufficient where there was a failure to show that the officer who answered the interrogatories had personal knowledge or was competent to testify thereto. In *Schwartz v. Compagnie General Transatlantique*, 405 F.2d 270, 273 n. 1 (2d Cir.1968), the Second Circuit held that interrogatories not shown to be based on personal knowledge have no probative force.

■ No objection or motion to strike was made by the Johnsons after the Svidergols' opposition was filed. Deficiencies in supporting documents attached to summary judgment pleadings can be waived. *Townsend v. Columbia Operations*, 667 F.2d 844, 849–50 (9th Cir.1982); *Davis v. Howard*, 561 F.2d 565, 570 (5th Cir.1977).

When insufficient supporting documents are submitted, a motion to strike is appropriate. *Lacey v. Lumber Mut. Fire Ins. Co. of Boston, Mass.*, 554 F.2d 1204, 1205 (1st Cir.1977); *United States for the Use and Benefit of Austin v. Western Electric Co., Inc.*, 337 F.2d 568, 575 (9th Cir.1964). Objection to insufficient documentation is required so that the offering party may have an opportunity to cure the alleged defects. *United States v. Western Electric Co., Inc., supra.* We note that the Johnsons relied upon these same interrogatories to establish that Ms. Svidergol was the owner of the dog.

■ Having failed to challenge the sufficiency of the opposition, the Johnsons have waived any objections they may have had to the documents submitted by the Svidergols as part of their opposition.

### SUBSTANTIVE ARGUMENT

■ We must view the evidence in the light most favorable to the party opposing the motion for summary judgment and draw all inferences fairly arising from the evidence in favor of the opposing party. *Auto–Owners Ins. Co. v. Moore*, 156 Ariz. 184, 185, 750 P.2d 1387, 1388 (App.1988); *Brown Wholesale Electric Co. v. Safeco Ins. Co.*, 135 Ariz. 154, 157, 659 P.2d 1299, 1302 (App.1982). Summary judgment should not be granted unless the moving party is entitled to judgment as a matter of law. *Auto–Owners Ins. Co. v. Moore, supra.*

■ The Svidergols maintain that, through no fault of their own, they had neither possession nor control over the dog which bit Jacob. Although "[o]wners are held strictly liable for injuries caused by their dogs' actions," *Massey, supra*, 151 Ariz. at 66, 725 P.2d at 1100, strict liability does not mean absolute liability. *Toney v. Bouthillier*, 129 Ariz. 402, 408, 631 P.2d 557, 563 (App.1981). Although strict liability removes the necessity for proof of negligence, proof of proximate cause must still be established. *Rocky Mountain Fire and Casualty Co. v. Biddulph Oldsmobile*, 131 Ariz. 289, 292, 640 P.2d 851, 854 (1982).

The theft of the dog would appear to be an intervening act of another, unforeseeable by a reasonable person in the Svidergols' position, which is extraordinary. *Ontiveros v. Borak*, 136 Ariz. 500, 506, 667 P.2d 200, 206 (1983). *Massey*, in which the supreme court held that assumption of the risk is not a defense to a dog injury action, did not involve issues regarding possession, control, and ownership.

■■■■ We also note that A.R.S. § 24–378, regarding dogs at large causing injury or damage, specifies that the "owner *or* person or persons responsible" for the dog are held responsible. (Emphasis added) The dog in the matter before us falls into the category of being a dog at large, since the actual owner had neither possession nor control over the dog by virtue of it being stolen. The legislature used the conjunction "or" rather than "and," indicative of a legislative intent that either the owner or some other person responsible for the dog may be held liable for injury or damage caused by the dog.

On these facts, summary judgment was inappropriate. The order of the trial court granting partial summary judgment is vacated and the matter is remanded to the trial court for further proceedings.

LIVERMORE, P.J., and FERNANDEZ, J., concur.