816 P.2d 270

Judith A. MULCAHY, a single woman, Plaintiff/Appellant,

v.

Terry DAMRON and Marilyn Damron, husband and wife, Defendants/Appellees.

No. 2 CA–CV 90–0304.

Court of Appeals of Arizona, Division 2, Department A.

Aug. 20, 1991.

Goldberg & Osborne by John E. Osborne, Tucson, for plaintiff/appellant.

Hazlett & Wilkes by Carl E. Hazlett, Tucson, for defendants/appellees.

## OPINION

LACAGNINA, Presiding Judge.

Judith A. Mulcahy appeals from summary judgment granted in favor of Terry Damron and Marilyn Damron, husband and wife, on Mulcahy's claim under A.R.S. § 24–521 [renumbered 11–1025], Arizona's dog bite statute, for personal injuries she received from the Damrons' dog while Mulcahy was grooming him at the Amphi Pet Hospital. For the reasons stated below, we reverse.

## FACTS AND PROCEDURAL HISTORY

The Damrons had kenneled "Zeke," a bluetick hound, at the Amphi Pet Hospital for four days while they were on vacation. They instructed the pet hospital to groom the dog during this time. They also gave permission for Zeke to be sedated, muzzled or handled in any way the staff deemed prudent and proper. While Mulcahy was positioning Zeke in an enclosed bathing tank, Zeke bit her on the wrist, causing

personal injuries which required surgery. At the time Zeke bit her, Mulcahy had a leash on the dog but had not sedated or muzzled him. Zeke's medical chart, which Mulcahy did not read prior to grooming, warned that Zeke "will bite" and "owner says not to touch tail—very sensitive, may bite."

Mulcahy filed a claim for personal injuries pursuant to A.R.S. § 24–521. The Damrons filed a motion for summary judgment claiming that (1) Zeke was in the possession and control of Amphi Pet Hospital thereby making him a dog at large and making the pet hospital or Mulcahy responsible for the dog when the injuries were inflicted, citing this court's opinion in *Johnson v. Svidergol*, 157 Ariz. 333, 757 P.2d 609 (App.1988); (2) the intervening negligence of either Mulcahy or the pet hospital, or both, proximately caused the injury; and (3) Mulcahy assumed the risk of injury when she accepted the responsibility of grooming dogs.

Mulcahy filed a motion for summary judgment claiming that (1) A.R.S. § 24–521 applied and not A.R.S. § 24–378 [renumbered 11–1020] because Zeke was not a dog at large; (2) under A.R.S. § 24–521 the defense of assumption of risk is not allowed, only the defense of provocation; and (3) proximate cause was not broken by the entrustment of Zeke by the owner to another person because the duty imposed by § 24–521 is nondelegable.

The trial court granted summary judgment in favor of the Damrons, finding that the issue was possession and control of the dog and that because the Damrons did not have possession and control of Zeke at the time of the bite, he was a dog at large, therefore making Mulcahy and the pet hospital liable as the "person or persons responsible for the dog when such damages are inflicted." A.R.S. § 24–378.

## DOG AT LARGE STATUTE

█ First, we agree with Mulcahy that the dog at large statute does not apply in this case. A.R.S. § 24–378 provides:

Injury to any person or damage to any property by a dog while at large shall be the full responsibility of the dog owner or person or persons responsible for the dog when such damages were inflicted.

"At large" is defined in § 24–361 [renumbered 11–1001] as "neither confined by an enclosure nor physically restrained by a leash." In this case, Zeke was in an enclosed bathing tank and on a leash when the bite occurred; therefore, according to the clear words of the statute, it cannot apply to him in this case.

Both the trial court's and the Damrons' reliance on *Johnson v. Svidergol* is misplaced. First, the facts in that case are distinguishable. The dog in *Johnson* had been stolen and taken from California to Arizona where it bit a child in the back yard of the thief's relative. Although the owners of the dog in *Johnson* argued that they could be relieved of responsibility because they had neither possession nor control over the dog when the bite occurred, we decided the case on the basis that the theft of the dog was an intervening criminal act of another, unforeseeable by a reasonable person in the dog owner's position, and extraordinary. However, both the trial court and the Damrons rely not on the holding in that case but on the following dicta:

The dog in the matter before us falls into the category of being a dog at large, since the actual owner had neither possession nor control over the dog by virtue of it being stolen. The legislature used the conjunction "or" rather than "and," indicative of a legislative intent that either the owner or some other person responsible for the dog may be held liable for injury or damage caused by the dog.

157 Ariz. at 336, 757 P.2d at 612. Whether a dog is at large is determined by two statutory conditions: (1) when a dog is "not confined by an enclosure," or (2) when a dog is not "physically restrained by a leash." In this case, Zeke was inside the grooming room of the hospital, enclosed in a bathing tub and restrained by a leash when the bite occurred. Under no reasonable construction of the statute could he be

considered a dog at large. The statute does not apply.

## THE DOG BITE STATUTE

We also agree with Mulcahy that the dog bite statute applies in this case. It provides:

**§ 25–521. Liability for dog bites**

The owner of a dog which bites a person when the person is in or on a public place or lawfully in or on a private place, including the property of the owner of the dog, is liable for damages suffered by the person bitten, regardless of the former viciousness of the dog or the owner's knowledge of its viciousness.

Mulcahy, as a groomer working for the pet hospital, was "lawfully in or on a private place" when she was bitten. The dog bite statute imposes liability on owners regardless of any fault. *Toney v. Bouthillier,* 129 Ariz. 402, 405, 631 P.2d 557, 560 (App. 1981). Under the statute, the "owner is virtually an insurer of the dog's conduct." *Massey v. Colaric,* 151 Ariz. 65, 66, 725 P.2d 1099, 1100 (1986). Provocation is a defense to any action for damages under the dog bite statute. A.R.S. § 24–523 [renumbered 11–1027]. Contrary to the Damrons' assertions, it is the only defense available, "with the common law defenses of contributory negligence and assumption of the risk superseded." *Massey v. Colaric,* 151 Ariz. at 66–67, 725 P.2d at 1100–1101.

Finally, the Damrons argue that the entrustment of Zeke to the pet hospital and/or any negligence by the hospital or Mulcahy acted as an intervening superseding cause, relieving them of liability, citing *Johnson v. Svidergol.* In *Johnson,* the theft of the dog was a criminal intervening act which was "unforseeable by a reasonable person in the position of the original actor and ... looking backward, after the event, ... appears extraordinary." *Ontiveros v. Borak,* 136 Ariz. 500, 506, 667 P.2d 200, 206 (1983). However unforseeable and extraordinary the theft of a dog might be, it is entirely foreseeable that Zeke could bite another person when not in Damrons' possession and while entrusted to the pet hospital. The theft in *Johnson* was "not within the scope of the risk created by the original negligence ... the

third person has deliberately assumed control of the situation, and all responsibility for the consequences of his act is shifted to him." Restatement (Second) of Torts § 442(B) comment c (1965). The entrustment of Zeke to the pet hospital and Mulcahy, the groomer, does not cut off liability under the dog bite statute when Zeke bites someone, any more than liability would be cut off, as Mulcahy states in her brief, if Zeke bit a "friend who keeps the dog, the housesitter that watches the dog, the truck driver or baggage claims handler who transports the dog, [or] the dog trainer."

We agree with Mulcahy's argument in her motion for summary judgment that the only factual issue to be decided is whether Mulcahy provoked Zeke. Because there is a factual dispute concerning Mulcahy's actions immediately preceding the bite, this issue is one more appropriately determined by the trier of fact. *Toney v. Bouthillier,* 129 Ariz. at 407, 631 P.2d at 562.

The trial court's order granting summary judgment in favor of the Damrons is reversed, and the case is remanded for further proceedings.

LIVERMORE, C.J., and FERNANDEZ, J., concur.